**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SONYA TODD,**

*Plaintiff,*

*v.*

CAUSE NO. 3:26-CV-448-CWR-LGI

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,**

*Defendant.*

**ORDER**

Before the Court is Defendant's motion for partial judgment on the pleadings. Docket No. 10. For the reasons discussed below, the motion is granted in part and denied in part.

Plaintiff initiated this action on June 22, 2026. Docket No. 1. Defendant filed its answer on September 17, 2026. Docket No. 9. That same day, Defendant also moved for partial judgment on the pleadings, asking the Court to dismiss with prejudice Count II, Count III, and all of Plaintiff's claims for punitive damages. Docket No. 10. Because that motion asserted immunity and jurisdictional defenses, the Court stayed discovery pursuant to Local Rule 16(b)(3)(B). Docket No. 12.

Plaintiff responded to Defendant's motion on October 1, 2026. Docket No. 13. Plaintiff's response does not substantively engage with Defendant's immunity or jurisdictional arguments. Instead, Plaintiff offers "that she will voluntarily dismiss" Counts II and III, and that she "will not pursue punitive damages under her remaining Title VII claims." *Id.* at 1. Plaintiff then asks the Court to deny Defendant's motion for partial judgment on the pleadings as moot. *Id.*

To the extent Plaintiff means to invoke Rule 41, the purported voluntary dismissal of certain of Plaintiff's claims is not only procedurally improper,[1] but also prohibited. "Under binding Fifth Circuit precedent, Rule 41 does not allow a plaintiff to dismiss individual claims." *Combel v. Great Int'l Supply Chain Mgmt. Co.*, No. 25-1252, 2026 WL 262533, at *1 (E.D. La. Feb. 2, 2026) (citing *Williams v. Seidenbach*, 958 F.3d 341, 344 (5th Cir. 2020)). The Court will address the merits of Defendant's motion for partial judgment on the pleadings.

Plaintiff's failure to respond on the merits in effect concedes that Counts II and III, as well as Plaintiff's claims for punitive damages, must be dismissed. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."); *accord Stockdale v. City of Gallatin*, No. 3:19-CV-684, 2021 WL 6752282, at *10 (M.D. Tenn. Feb. 8, 2021) (concluding that a plaintiff who "did not actually file a motion requesting leave to voluntarily dismiss" but stated that she was "voluntarily dismissing her claims" in her response to a motion for summary judgment had, "[b]y choosing not to defend the merits" of her claims, "effectively conceded that the claims [were] not viable"). And for good reason.

[1] Because Defendant has answered the complaint, Plaintiff is not entitled to unilaterally dismiss her claims under Rule 41(a)(1)(A)(i). *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015) (per curiam). Even if Plaintiff were so entitled, the purported dismissal here would still be procedurally deficient. Under Rule 41(a)(1)(A)(i), a plaintiff seeking to voluntarily dismiss her action is required to file a notice of dismissal. In any event, after the defendant has answered the complaint, the plaintiff is required to either file a "stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii), or a motion seeking this Court's consent to dismissal pursuant to Rule 41(a)(2). The request here, contained only within Plaintiff's response to the motion for partial judgment on the pleadings, is neither of those things. And "unlike in cases involving *pro se* litigants, courts are not compelled to liberally construe the pleadings of parties represented by counsel." *Barron v. United States*, 111 F.4th 667, 679 n.1 (5th Cir. 2024) (Ramirez, J., concurring in part) (citing *Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010)).

Because the Mississippi Department of Public Safety is a state agency entitled to Eleventh Amendment immunity, *Anderson v. Miss. Bureau of Investigation*, No. 3:15-CV-603-CWR-LRA, 2018 WL 4689100, at *2 (S.D. Miss. Sept. 28, 2018), the Court lacks subject matter jurisdiction over Plaintiff's Section 1981 and 1983 claims. *See Baker v. Mississippi*, No. 1:20-CV-230-HSO-JCG, 2021 WL 9439968, at *4 (S.D. Miss. Sept. 23, 2021). And the *Ex parte Young* exception to sovereign immunity does not entitle Plaintiff to an equitable remedy because Plaintiff has not "name[d] individual state officials as defendants in their official capacities." *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 619 (5th Cir. 2020) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)).[2] Plaintiff's claims for punitive damages against the Department are also barred. *See Coleman v. Off. of the State Auditor*, No. 3:21-CV-168-DPJ-FKB, 2022 WL 1573174, at *2 (S.D. Miss. May 18, 2022) (citing *Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 465-66 (5th Cir. 2001)).

Defendant asks the Court to dismiss Plaintiff's claims with prejudice. But because the Court will dismiss Counts II and III on account of Defendant's Eleventh Amendment immunity, those claims must be dismissed without prejudice. *See, e.g.*, *Eriakha v. Univ. of Miss.*, --- F.4th ---, 2026 WL 2651073, at *10 (5th Cir. Sept. 9, 2026) ("[S]overeign-immunity dismissals are jurisdictional and therefore must be without prejudice."). Plaintiff's claims for punitive damages are, however, dismissed with prejudice. The defect in those claims (seeking

---

[2] Because the Eleventh Amendment divests the Court of jurisdiction over Plaintiff's Section 1981 and 1983 claims, Counts II and III are dismissed under Rule 12(b)(1). The Court will not address Defendant's arguments (*see* Docket No. 11 at 6, 9) about the viability of those claims under Rule 12(c). *See Yan v. Texas*, No. 4:24-CV-579-O-BP, 2025 WL 726582, at *6 (N.D. Tex. Jan. 16, 2025), *report and recommendation adopted*, 2025 WL 725267 (N.D. Tex. Mar. 6, 2025), *aff'd*, No. 25-10752, 2026 WL 2447137 (5th Cir. Aug. 20, 2026) (per curiam); *see also J. Caldarera & Co. v. Complex Mgmt., Inc.*, No. 3:20-CV-118-CWR-FKB, 2021 WL 12319910, at *5 (S.D. Miss. Apr. 22, 2021) ("Because the Court has found that it lacks jurisdiction to decide plaintiff's claims under defendants' Rule 12(b)(1) motion, it will not address defendants' claim under Rule 12(b)(6)." (citing *McCasland v. City of Castroville*, 478 F. App'x 860, 860-61 (5th Cir. 2012) (per curiam))).

punitive damages against a state agency) is "simply incurable." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000); *accord Gordon v. Davis*, 3:10-CV-579-CWR-LRA, 2011 WL 3665128, at *5 (S.D. Miss. Aug. 19, 2011) ("Based on [the plaintiff's] claims and the relief he is requesting, no amended complaint could cure this Complaint against [the defendant]."); *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (affirming a dismissal with prejudice where the Fifth Circuit could "perceive of no viable claim [the plaintiff] could include in amended petition with regard to the[] underlying facts").

Defendant's motion for partial judgment on the pleadings, Docket No. 10, is granted in part and denied in part. Counts II and III of Plaintiff's complaint are dismissed without prejudice. Plaintiff's claims for punitive damages are dismissed with prejudice. The parties are directed to contact the Chambers of the Magistrate Judge within seven days to schedule a Case Management Conference.

**SO ORDERED**, this the 7th day of October, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE